**Bum YOON, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 01–71883.

INS No. A79–353–986.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2003.*

Decided Feb. 19, 2003.

Before SILVERMAN and GOULD,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Circuit Judges and SEDWICK,** Chief District Judge.

### MEMORANDUM***

The facts are known to the parties and only recited here as necessary to explain our decision.

■ The record demonstrates that Yoon was an alien subject to removal under 8 U.S.C. § 1225(a); 8 C.F.R. § 235.1(c).[1] Yoon admits that he is an inadmissable alien under 8 U.S.C. § 1182(a)(7)(A)(i)(I)[2] but argues that he was not an applicant for admission under 8 U.S.C. § 1225(a), and subject to removal under 8 C.F.R. § 235.1(c), because he left U.S. soil and only stepped foot in the Vancouver, British Columbia, Canada, international airport, before being denied entry into Canada by Canadian immigration officials at Vancouver International Airport. He was subsequently turned over to United States immigration officials stationed at the Vancouver International Airport and returned to the United States. We disagree with Yoon's argument. Al-

though the economic and diplomatic reach of the United States may extend internationally, its territorial and jurisdictional reach does not. The Vancouver International Airport is no more a part of the United States than the Tower of London. It is true that Yoon originally in 1999 entered the United States on a tourist visa, and overstayed it. But Yoon left the United States on April 13, 2001 and his status as a removable alien cannot be disputed on this record. *Castillo–Perez v. INS*, 212 F.3d 518, 525–526 (9th Cir.2000) (if *Lozada* requirements are not met we overturn the Board's decision only if "[t]he facts are plain on the administrative record"). Yoon's claims of deprivation of due process by ineffective assistance of counsel fail because Yoon was not prejudiced by the actions of his former counsel who admitted his arriving alien status and admitted that Yoon was an alien, who by fraud, sought to gain admission into the United States. *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999) (prejudice results when "the performance of counsel was so inadequate that it may have affected the outcome of the proceedings"). Here, Yoon was a re-

---

** The Honorable John W. Sedwick, Chief United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 8 U.S.C. 1225(a)(1) provides:

(1) Aliens treated as applicants for admission
An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.

8 C.F.R. § 235.1(c)(2) provides:
(2) An alien present in the United States who has not been admitted or paroled or an alien who seeks entry at other than an open, designated port-of-entry, except as otherwise permitted in this section, is subject to the provisions of section 212(a) of the Act and to removal under section 235

2. 8 U.S.C. § 1182(a)(7)(A)(i)(I) provides:

(I) who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title . . . is inadmissible.

movable alien, and the concessions by Yoon's attorney did not prejudice Yoon.

**PETITION DENIED.**